IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JARVIS BRAGGS, #265351, )
)
Plaintiff, )
)
v. ) CIVIL ACTION NO. 2:15-CV-704-WKW
) [WO]
CAPT. PICKENS, )
)
Defendants. )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This 42 U.S.C. § 1983 action is before the court on a complaint filed by Jarvis Braggs ("Braggs"), a state inmate with acknowledged mental health issues, challenging the constitutionality of actions taken against him by correctional officials at the Limestone Correctional Facility ("Limestone"). *Compl. - Doc. No. 1* at 3. Specifically, Braggs alleges that the defendants acted with deliberate indifference to his safety when they failed to place him in solitary confinement which resulted in an altercation with his cell mate. *Id*. Braggs also complains that after this altercation the defendants subjected him to cruel and unusual punishment when they "put [him] in the cage" for three hours in shackles wearing only his boxer shorts and shoes. *Id.*

Upon review of the factual allegations presented in the complaint, the court concludes that this case should be transferred to the United States District Court for the Northern

District of Alabama pursuant to 28 U.S.C. § 1404.[1]

## II. DISCUSSION

A 42 U.S.C. § 1983 civil action "may be brought . . . in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b). The law further provides that "[f]or the convenience of parties and witnesses, [and] in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought." 28 U.S.C. § 1404(a).

The Limestone Correctional Facility is located within the jurisdiction of the United States District Court for the Northern District of Alabama. Thus, the actions about which the plaintiff complains occurred in the Northern District of Alabama. In addition, all of the individuals named as defendants reside in the Northern District of Alabama as do any potential witnesses to the actions about which Braggs complains.[2] It is therefore clear that

---

[1] The plaintiff filed an application for leave to proceed *in forma pauperis*. *Doc. No. 2*. However, under the circumstances of this case, the court concludes that assessment and collection of any filing fee should be undertaken by the United States District Court for the Northern District of Alabama.

[2] Although Braggs lists the Alabama Department of Corrections as a defendant, the court notes that under well settled law a state agency or department, as an extension of the State, is absolutely immune from suit. *Papasan v. Allain*, 478 U.S. 265 (1986) (Unless the State or its agency consents to suit, the plaintiff cannot proceed against such defendant as the action is proscribed by the Eleventh Amendment and "[t]his bar exists whether the relief sought is legal or equitable."). In addition, a department of the State is "not a 'person within the meaning of § 1983" and, therefore, is not subject to liability in a 42 U.S.C. § 1983 action. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65, 109 S. Ct. 2304, 2309 (1989); *Carey v. Wynn, et al.*, Case No. 07-CV-1106-MHT-TFM (M.D. Ala. February 24, 2011), affirmed on appeal (11th Cir. June 10, 2011) - *Doc. No. 116* at 7.

each of the properly named defendants, all witnesses and the evidence associated with this case are located in the Northern District of Alabama.

In light of the foregoing, the court concludes that in the interest of justice and for the convenience of the parties this case should be transferred to the United States District Court for the Northern District of Alabama for review and disposition.

## III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be transferred to the United States District Court for the Northern District of Alabama pursuant to the provisions of 28 U.S.C. § 1404. It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **October 9, 2015**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1; *see Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also*

*Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*). The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Done this 25th day of September, 2015.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE